UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA CUTLER, | ) | CASE NO. 1:10CV343 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | **ORDER** |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

The plaintiff has filed an application for an award of attorney fees (Doc. No. 20) pursuant to the Equal Access to Justice Act ("EAJA" or "the statute"), 28 U.S.C. § 2412(d)(1)(A). Defendant has expressly indicated that he has no opposition to plaintiff's motion. (*See* Doc. No. 21.)

The statute provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

In order to recover fees and expenses under the EAJA, (1) the plaintiff must be a "prevailing party," (2) the position of the United States must not have been "substantially justified," (3) no special circumstances must make an award of fees unjust, and (4) plaintiff must

submit a timely fee application supported by an itemized statement. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

In *Shalala v. Schaefer*, 509 U.S. 292 (1993), the Court held that "prevailing party" status was achieved within the meaning of the EAJA when the plaintiff succeeded in securing an order of remand, even though the claimant does not become entitled to benefits until the administrative action called for under the remand order has been concluded. *Id*. at 300-01. On December 28, 2010, this Court remanded this matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Accordingly, plaintiff is a prevailing party herein. Further, the Court expressly finds that the position of the United States was not substantially justified, that no special circumstances make an award of fees unjust, and the plaintiff timely filed her application supported by an itemized statement.

Once the Court finds that the application should be granted, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff has argued for a cost-of-living upward adjustment. She seeks an hourly rate of $166.25 for services performed in 2009, $170.00 for 2010, and $172.50 for 2011. Defendant has not opposed these adjustments and the Court finds them to be reasonable cost-of-living adjustments.

Plaintiff has also submitted an itemized statement of counsel's services which the Court has examined, finding no evidence of excessive or duplicative services.

Accordingly, the Court concludes that plaintiff is entitled to an award of attorney fees and costs in the total amount of $4,048.50. Pursuant to an assignment executed by the plaintiff in favor of her attorney, such amount of fees shall be paid directly to the attorney, after

the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010) (because the fees are awarded to the litigant, not the attorney, they are subject to setoff if the litigant has outstanding federal debts).

**IT IS SO ORDERED**.

Dated: March 14, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**